IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEMETRIC HILL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:22-CV-354 (CAR) |
| | : | |
| VARIETY WHOLESALERS, INC., | : | |
| d/b/a MAXWAY, INC., and | : | |
| JOHN DOE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Demetric Hill filed this premises liability action against Defendant Variety Wholesalers, Inc. for injuries Plaintiff suffered after she tripped and fell on a rug protruding from a display outside Defendant's Maxway store. Defendant removed this action pursuant to the Court's diversity jurisdiction and now seeks summary judgment. Because genuine issues of material fact exist as to Defendant's constructive knowledge of the hazard and whether the hazard was in plain view, Defendant's Motion for Summary Judgment [Doc. 14] is **DENIED**.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitles it to a judgment as a matter of law.[2] If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[3]

The Court must view the facts, and any reasonable inferences drawn from those facts, in the light most favorable to the party opposing the motion.[4] "The inferences, however, must be supported by the record, and a genuine dispute of material fact requires more than 'some metaphysical doubt as to the material facts.'"[5] In cases where opposing parties tell different versions of the same events, and one is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[2] *Catrett*, 477 U.S. at 323 (internal quotation marks omitted).
[3] *See* Fed. R. Civ. P. 56(e); *see also Catrett*, 477 U.S. at 324–26.
[4] *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).
[5] *Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011) (quoting *Penley*, 605 F.3d at 848).

adopt that version of the facts."[6]  A disputed fact will preclude summary judgment only "if the dispute might affect the outcome of the suit under the governing law."[7]  "The court may not resolve any material factual dispute, but must deny the motion and proceed to trial if it finds that such an issue exists."[8]

## FACTUAL BACKGROUND

In the early afternoon of December 21, 2020,[9] Plaintiff Demetric Hill visited Defendant's Maxway store in Eatonton, Georgia to do some Christmas shopping.[10] As she entered the store, Plaintiff observed a display of rugs located outside between the entrance and exit doors.[11] It was daytime and sunny.[12] The display appeared "fine" when Plaintiff entered the store.[13]

Plaintiff shopped inside the store for "about 20 [to] 30 minutes."[14] When Plaintiff exited the store onto the sidewalk out front, she tripped and fell over the rugs.[15] After she fell, Plaintiff saw the rugs were "scattered everywhere" and were "almost off the

---

[6] *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010) (per curiam) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

[7] *Logan*, 439 F. App'x at 800 (quoting *Penley*, 605 F.3d at 848) (internal quotation marks omitted).

[8] *Env't Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[9] The record reflects this accident occurred either December 21st or December 23rd, but the date is immaterial. Plaintiff's Continued Deposition [Doc. 17 at 112–13].

[10] Plaintiff Demetric Hill's Deposition at 73–74 [Doc. 16].

[11] *Id.* at 91, 96.

[12] *Id.* at 77–78.

[13] *Id.* at 96.

[14] *Id.* at 89.

[15] *Id.* at 88.

3

display," but not completely off.[16] Plaintiff testified the rugs were stacked on each other on the ground, but there was "no pallet or anything. [They were] just on the ground."[17] Plaintiff tripped over a "dark colored rug," and the sidewalk was white or light grey.[18]

At the time of Plaintiff's fall, Defendant provided its Maxway employees with a safety manual and used peer employees to review the policies and procedures with new employees.[19] The employees are instructed to look out for hazards that could cause slips, trips, and falls. Employees are taught to secure areas with liquid on the floor, clean them up, and to "remove or correct" any tripping hazards.[20] Employees are required to inspect floors at a minimum of four times per day: once at opening, once at closing, and "a couple of times during the middle of the day on shifts."[21] But this inspection is also "done continuously throughout the day."[22] As store employees are moving through the store "they're reviewing," and "they are taught to go from front to back, side to side, on different aisles . . ."[23] Company policy dictates that items, like the rugs in this case, should be organized in a straight line to create a clear path through which customers can walk.[24]

---

[16] *Id.* at 94–95.
[17] *Id.* at 104.
[18] *Id.* at 103–04.
[19] Defendant's 30(b)(6) Deposition at 16, 17 [Doc. 20-1].
[20] *Id.* at 17.
[21] *Id.* at 17–18.
[22] *Id.* at 17.
[23] *Id.* at 18.
[24] *Id.* at 24–26.

4

There is no record or log sheet for employees to track their inspections.[25] No cameras recorded the incident,[26] and the record contains no evidence that any employees followed the inspection procedures on the day of the incident.

Plaintiff filed this action claiming she tripped and fell on a rug due to Defendant's negligence in failing to discover and remove the hazardous condition. Defendant argues it is entitled to summary judgment because (1) Defendant lacked constructive knowledge of the alleged hazard based on Plaintiff's testimony she had shopped for only 20 to 30 minutes, therefore establishing that the hazard had not existed for an unreasonable length of time; and (2) the alleged hazard was in Plaintiff's plain view.

## DISCUSSION

In Georgia, "[w]here an owner or occupier of land, by . . . invitation induces . . . others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."[27] "While 'the owner/occupier is not required to warrant the safety of all persons from all things,' the owner/occupier must 'exercise . . . diligence toward making the premises safe,' including 'inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and

---

[25] *Id.* at 20.
[26] Plaintiff's Continued Deposition at 143.
[27] *Falconer v. QuikTrip Corp.*, No. 1:14-cv-3507-TWT, 2015 WL 5719482, at *2 (N.D. Ga. Sept. 29, 2015) (quoting O.C.G.A. § 51-3-1).

taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.'"[28] "The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable."[29]

A defendant moving for summary judgment need not "affirmatively disprove the nonmoving party's case;" instead, the defendant may point to "an absence of evidence to support the nonmoving party's case."[30] Where a defendant points to an absence of evidence regarding its knowledge of the hazard, the "plaintiff must present evidence the defendant had superior actual or constructive knowledge of the hazard, or else suffer summary judgment."[31]

To establish liability in trip-and-fall cases, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier."[32] Here, there is no contention or evidence that Defendant had actual knowledge any hazard existed. Thus, Defendant is only subject to liability upon a showing that it had constructive knowledge of the hazard's presence.

---

[28] *Id.* (quoting *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1997)).
[29] *Johnson v. LT Energy, LLC*, 368 Ga. App. 439, 441 (2023) (quoting *Robinson*, 268 Ga. at 739).
[30] *Robinson*, 268 Ga. at 747.
[31] *Hardee's Food Sys., Inc. v. Green*, 232 Ga. App. 864, 865 (1998) (citations omitted).
[32] *Robinson*, 268 Ga. at 748.

6

Constructive knowledge can be established in one of two ways: "(1) an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition prior to the fall, or (2) the hazardous condition had existed for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises."[33] Here, no evidence suggests that any employee was in the immediate vicinity and easily could have noticed the rug display and removed the hazard. Thus, Plaintiff "must establish a question of fact whether the [hazard] remained on the [ground] for a sufficient length of time for knowledge of it to be imputed to the proprietor, showing that he had an opportunity to discover the defect and correct it."[34]

To prevail on summary judgment based on lack of constructive knowledge, Defendant must demonstrate that it had a reasonable inspection program in place and that such program was carried out at the time of the incident.[35] But in Georgia, "[r]egardless of the adequacy of any inspection program, when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure [is] adequate as a matter of law and defeats an invitee's negligence action."[36]

---

[33] *Benefield v. Tominich*, 308 Ga. App. 605, 608 (2011) (citations omitted).
[34] *Smith v. Winn-Dixie Atlanta, Inc.*, 203 Ga. App. 565, 565 (1992).
[35] *Davis v. Bruno's Supermarkets, Inc.*, 263 Ga. App. 147, 148 (2003) (quoting *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 748 (1999)).
[36] *Mucyo v. Publix Super Markets, Inc.*, 301 Ga. App. 599, 601 (2009) (citing *Medders v. Kroger Co.*, 257 Ga. App. 876, 878 (2002)).

Thus, a defendant store proprietor can meet its burden of demonstrating the exercise of reasonable care by presenting undisputed record evidence which establishes that the proprietor did not have sufficient time to find and to remove the alleged hazard.[37] "The length of time the [hazard] must remain on the [ground] before the owner should have discovered it and what constitutes a reasonable inspection procedure vary with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location."[38] "In cases involving grocery stores, parking lots, and restaurants, [the Georgia Court of Appeals] ha[s] found that 15 or 20 minutes was a legally insufficient amount of time for a proprietor to discover a [hazard]."[39]

Defendant argues it is entitled to summary judgment because 30 minutes was an insufficient amount of time for Defendant to discover the hazard by reasonable inspection. But construing the facts in the light most favorable to Plaintiff as the non-moving party, this Court cannot rule as a matter of law that 30 minutes was insufficient time for Defendant to discover the hazard by reasonable inspection. Defendant relies on cases where the stores put forth evidence that their employees had actually inspected the areas 30 minutes before the accidents.[40] Here, no evidence shows any Maxway employees

---

[37] *Id.*

[38] *Shepard v. Winn Dixie Stores, Inc.*, 241 Ga. App. 746, 748 (1999) (citations omitted).

[39] *Gleaton v. APAC-Georgia, Inc.*, 228 Ga. App. 52, 55 (1997) (citations omitted).

[40] *See, e.g.*, *Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 517 (1998) (holding defendant store had met its burden by showing evidence that it complied with reasonable inspection procedures when the employee

8

complied with their inspection policy requiring employees to inspect the floors continuously throughout the day, including once at opening, twice during the day, and once at closing. Thus, because Defendant showed no evidence of compliance with inspection procedures, the Court finds a reasonable jury could conclude Defendant had constructive knowledge of the hazard.

Defendant also argues it is entitled to summary judgment because the rug hazard was in Plaintiff's plain view as she exited the store.[41] But a reasonable jury could find otherwise. Although Plaintiff admitted the display itself was in clear view,[42] she did not testify that she saw the rug protruding from the display before she tripped on it. Defendant points to Plaintiff's testimony that she was not looking down as she exited the store as evidence she did not exercise ordinary care. But the Georgia "Supreme Court 'has rejected any requirement that an invitee look continuously at the floor for defects, holding that the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe.'"[43] And the Georgia Court of Appeals has held a jury question exists as to a plaintiff's exercise of reasonable care when she looked straight

---

inspected the check-out lanes every 30 minutes, including 30 minutes before the plaintiff's fall); *Higgins v. Food Lion, Inc.*, 254 Ga. App. 221, 222 (2002) (holding plaintiff could not establish constructive knowledge when evidence established defendant store conducted an inspection of the area of plaintiff's fall approximately 35 minutes prior to the incident); *Shepard*, 241 Ga. App. at 747–48 (holding there was a jury question as to the reasonability of the defendant store's inspection procedure where the store demonstrated the produce area where plaintiff slipped had been swept 30 minutes before the fall).

[41] *Robinson v. Kroger Co.*, 268 Ga. 735, 742 (1997).

[42] Doc. 16 at 94.

[43] *Id.*

9

ahead and not down when she tripped on an upturned corner of a rubber mat outside the defendant's store.[44] Here, the evidence is neither plain, palpable, nor undisputable that the hazard was "perfectly obvious and apparent so that one looking ahead would necessarily see it."[45]

## CONCLUSION

As explained above, the Court finds genuine issues of material fact remain, and therefore **DENIES** Defendant's Motion for Summary Judgment [Doc. 14].

**SO ORDERED** this 21st day of August, 2024.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[44] *Benefield*, 308 Ga. App. at 611 (quoting *Davis*, 263 Ga. App. at 150) ("[W]hile [plaintiff] testified that she was looking straight ahead and not down when she tripped over the turned-up corner of the mat, 'that does not mean, as a matter of law, that she was not using ordinary care for her own safety.'").
[45] *McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 644 (2012) (citation omitted).