# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DEMETRIC HILL, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:22-CV-354 (CAR) |
| VARIETY WHOLESALERS, INC., | : | |
| d/b/a MAXWAY, INC., | : | |
| Defendant. | : | |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court is Defendant Maxway, Inc.'s Motion for Reconsideration of the Court's Order denying Defendant's Motion for Summary Judgment. For the reasons discussed below, the Court **DENIES** Defendant's Motion for Reconsideration [Doc. 29].

## STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[1] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[2] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an

---

[1] Fed. R. Civ. P. 59(e).
[2] M.D. Ga., L.R. 7.6.

1

extraordinary remedy to be employed sparingly."[3] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[4] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[5] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[6]

## DISCUSSION

Defendant essentially argues the Court committed clear legal error by "overlook[ing]" controlling caselaw cited by Defendant in support of its Motion for Summary Judgment. Defendant contends the Court erred in holding that it "cannot rule as a matter of law that 30 minutes was insufficient time for Defendant to discover the hazard by reasonable inspection,"[7] because the Court failed to consider caselaw holding that "a proprietor need not produce inspection evidence where the length of time that a hazard existed can be established by other means."[8]

But the Court considered all such caselaw. As explained in the Order, the evidence

---

[3] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).
[4] *Ctr. for Biological Diversity v. Hamilton,* 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005).
[5] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).
[6] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805-806 (11th Cir. 1993).
[7] Order on Defendant's Motion for Summary Judgment [Doc. 27 at 8].
[8] Defendant's Motion for Reconsideration [Doc. 29 at 1].

viewed in the light most favorable to Plaintiff showed that the hazardous condition in this case had existed for 30 minutes; although Defendant had an inspection policy, no evidence showed Defendant complied with it on the day of the accident. Thus, this case is distinguishable from the cases cited by Defendant.[9] The jury must determine whether 30 minutes was sufficient time for Defendant to discover and remove the hazard.[10] Defendant neither cited, nor did the Court on its own find, controlling caselaw that 30 minutes satisfies the "limited period of time" Georgia law requires to be sufficient as a matter of law for the Court to hold Defendant could not have discovered and removed the hazardous condition. On the contrary, in the few cases cited where a defendant was entitled to summary judgment for a hazard that had existed for 30 minutes, the defendant showed actual compliance with its inspection procedures.[11] Thus, genuine issues of material fact exist that the jury must determine. The Court finds no clear error and

---

[9] *Carter*, 2023 WL 309034, at *3 (holding 12 minutes was insufficient as a matter of law for a hazardous condition to be discovered by reasonable inspection); *Jones v. Wal-Mart Stores E., LP*, No. 4:19-cv-114, 2021 WL 4267712, at *6 (S.D. Ga. Sept. 20, 2021) (holding less than two minutes was insufficient as a matter of law); *Wright v. Wal-Mart Stores E., LP*, No. 1:18-CV-1006-CC, 2021 WL 86836, at *10 (N.D. Ga. Jan. 11, 2021) (holding 13 minutes and 25 seconds was insufficient as a matter of law); *Hartman v. Clark*, 341 Ga. App. 513, 514 (2017) (holding 10 minutes was insufficient as a matter of law); *Johnson v. Autozone, Inc.*, 219 Ga. App. 390, 394 (holding 15 to 20 minutes was insufficient as a matter of law).

[10] *See, e.g., Shepard v. Winn Dixie Stores, Inc.*, 241 Ga. App. 746, 747–48 (1999) (holding there was a jury question as to the reasonableness of the defendant store's inspection procedure where the store demonstrated the produce area where plaintiff slipped had been swept 30 minutes before the fall).

[11] *See Higgins v. Food Lion, Inc.*, 254 Ga. App. 221, 222 (2002) (holding plaintiff could not establish constructive knowledge when evidence established defendant store conducted an inspection of the area of plaintiff's fall approximately 35 minutes prior to the incident); *Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 517 (1998) (holding defendant store had met its burden by showing evidence that it complied with reasonable inspection procedures when the employee inspected the check-out lanes every 30 minutes, including 30 minutes before the plaintiff's fall); *but see Shepard* , 241 Ga. App. at 747–48.

**DENIES** Defendant's Motion for Reconsideration [Doc. 29].

**SO ORDERED,** this 4th day of October, 2024.

                                              s/ C. Ashley Royal_____
                                              C. ASHLEY ROYAL, SENIOR JUDGE
                                              UNITED STATES DISTRICT COURT