IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEMETRIC HILL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:22-CV-354 (CAR) |
| | : | |
| VARIETY WHOLESALERS, INC., | : | |
| d/b/a MAXWAY, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON DEFENDANT'S MOTION FOR CERTIFICATE OF IMMEDIATE APPELLATE REVIEW

Before the Court is Defendant Maxway, Inc.'s Motion for Certificate of Immediate Appellate Review [Doc. 35]. On August 21, 2024, the Court denied Defendant's Motion for Summary Judgment [Doc. 27], finding that genuine issues of material fact exist as to whether Defendant had constructive knowledge of the hazard upon which Plaintiff tripped, and whether the hazard was in Plaintiff's plain view. On October 4, 2024, the Court denied Defendant's Motion for Reconsideration [Doc. 31]. Thereafter, Defendant filed this Motion seeking a certification for interlocutory appeal from both of the Court's Orders on the issue of "whether, on Summary Judgment, a proprietor is required to produce inspection evidence where the length of time that a hazard existed can be

1

established by other means." For the following reasons, Defendant's Motion [Doc. 35] is **DENIED**.

The certification of interlocutory appeals from a district court to the court of appeals is governed by 28 U.S.C. § 1292(b). By its terms, § 1292(b) authorizes an appeal of an interlocutory order only where (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) where "an immediate appeal from the order may materially advance the termination of the litigation."[1] As a result, § 1292(b) should "be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation[,] where a question which would be dispositive of the litigation is raised[,] and there is serious doubt as to how it should be decided."[2] "Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion."[3]

Here, the Court elects not to certify an interlocutory appeal because the issue of whether "a proprietor is required to produce inspection evidence where the length of time that a hazard existed can be established by other means" is not a controlling question

---

[1] 28 U.S.C. § 1292(b).
[2] *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1256 (citation omitted).
[3] *U.S., ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1379 (N.D. Ga. 2010) (citations omitted).

of law in this case. The Court does not dispute that a proprietor is only required to show compliance with inspection procedures if the hazard existed long enough for the proprietor to discover it by a reasonable inspection. Rather, the Court held that given the evidence on summary judgment taken in the light most favorable to Plaintiff, it cannot rule as a matter of law that the hazard could not have been discovered within 30 minutes, "regardless of whether inspection procedures had been instituted and complied with."[4] As discussed in the Order, 30 minutes has been found to be both legally sufficient and insufficient to establish constructive knowledge depending on the circumstances; here, the Court could not find as a matter of law that 30 minutes was too brief for Defendant to have discovered the hazard.[5] Accordingly, the Court **DENIES** Defendant's Motion for Certificate of Immediate Appellate Review [Doc. 35].

**SO ORDERED,** this 17th day of October, 2024.

---

[4] *Carter v. Wal-Mart Stores E., LP*, No. 22-10174, 2023 WL 309034, at *3 (11th Cir. Jan. 19, 2023) (citation omitted).

[5] "The length of time the [hazard] must remain on the [ground] before the owner should have discovered it and what constitutes a reasonable inspection procedure vary with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location." *Shepard v. Winn Dixie Stores, Inc.*, 241 Ga. App. 746, 748 (1999) (citations omitted). Plaintiff testified that the store was busy when she was there. Plaintiff's Continued Deposition 132:24–25 [Doc. 17]. The rugs were scattered everywhere like somebody had gone through them. Plaintiff's Deposition 94:14–23. [Doc. 16]. The rug display was located outside between the store's entrance and exit doors. Pl. Depo. 91:3–9. The display had a variety of colors of rugs. Pl. Depo. 103:2–13; Pl. Cont. Depo. 138:24–139:5. Thus, the evidence shows the display contained a variety of rugs a customer might sift through to find a desirable one, the rugs were scattered around when Plaintiff tripped, and the display was located in a high traffic area on a busy day. Therefore, the Court cannot conclude Defendant is entitled to summary judgment based on a lack of constructive knowledge.

                                                    <u>s/ C. Ashley Royal</u>\
                                                    C. ASHLEY ROYAL, SENIOR JUDGE\
                                                    UNITED STATES DISTRICT COURT